**United States Bankruptcy Court**
**Northern District of Illinois**

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle):<br>**MEDLEY - DUNN, B' TREISE** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**XXX-XX-8645** | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**3302 KNOLLWOOD LAWN**<br>**HOMEWOOD, ILLINOIS 60430** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:   *Cook* | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from address above) | **Chapter 13W/Plan** |

**Information Regarding the Debtor (Check the Applicable Boxes)**

VENUE (Check any applicable box)
- [ ] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)
- [x] Individual(s)
- [ ] Corporation
- [ ] Partnership
- [ ] Other
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [x] Chapter 13
- [ ] Sec. 304 - Case ancillary to foreign proceeding

**Nature of Debts** (Check one box)
- [x] Consumer/Non-Business
- [ ] Business

**Chapter 11 Small Business** (Check all boxes that apply)
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101
- [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Filing Fee** (Check one box)
- [x] Full Filing Fee Attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Statistical/Administrative Information** (Estimates only)
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Assets | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million |
|---|---|---|---|---|---|---|
| | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million |
|---|---|---|---|---|---|---|
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

THIS SPACE IS FOR COURT USE ONLY

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 05/24/2004
Time: 11:55:57
Debtor: B'TREISE MEDLEY-DUNN
Case: 04-20090      Fee : 194
Chapter: 13 Rec. # : 3082306
Judge: Pamela Hollis
341 mtg: 06/21/2004 @ 12:00PM
ConfHrg: 07/19/2004 @ 11:00AM
Trustee: MARILYN MARSHALL

1:04BK20090-BK001

**Voluntary Petition**
*(This page must be completed and filed in every case;)*

Name of Debtor:
TREISE B MEDLEY

Page 2

| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:   **NONE** | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X  **Not Applicable**
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

**Jesse Outlaw**
Printed Name of Attorney for Debtor(s)

**Jesse Outlaw & Associates**
Firm Name

**53 West Jackson Avenue Chicago, Illinois 60604**
Address

**Suite 1620**

_____
Telephone Number

5/21/04
Date

### Signature(s) of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **Not Applicable**
Signature of Authorized Individual

_____
Print or Type Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

**Not Applicable**
Social Security Number

_____
Address

_____
Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X  **Not Applicable**
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10 Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he/she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)                          Date

# United States Bankruptcy Court
## Northern District of Illinois

In re  TREISE B MEDLEY

Case No.
Chapter  **13**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | NO | 1 | $ 250,000.00 | | |
| B - Personal Property | NO | 3 | $ 16,500.00 | | |
| C - Property Claimed As Exempt | NO | 1 | | | |
| D - Creditors Holding Secured Claims | NO | 1 | | $ 40,188.20 | |
| E - Creditors Holding Unsecured Priority Claims | NO | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | NO | 1 | | $ 3,746.24 | |
| G - Executory Contracts and Unexpired Leases | NO | 1 | | | |
| H - Codebtors | NO | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | 1 | | | $ 8,198.32 |
| J - Current Expenditures of Individual Debtor(s) | NO | 1 | | | $ 6,128.33 |
| Total Number of sheets in ALL Schedules ➤ | | 12 | | | |
| Total Assets ➤ | | | $ 266,500.00 | | |
| Total Liabilities ➤ | | | | $ 43,934.44 | |

In re:   TREISE B MEDLEY                                    Case No.

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 4 BERDROOM BRICK AND FRAME SINGLE FAMILY RESIDENCE LOCATED AT 3302 KNOLLWOOD LANE, ILLINOIS | Fee Owner | | $ 250,000.00 | $ 238,537.26 |
| | Total ➤ | | $ 250,000.00 | |

In re **TREISE B MEDLEY**                                        Case No.

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | BANK FINANCIAL -CHECKING AND SAVING | | 1,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | LIVING ROOM SET BEDROOM SET DINING ROOM SET | | 2,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | ONE SET OF WOMEN'S CLOTHING | | 500.00 |
| 7. Furs and jewelry. | | ENGAGEMNET RING | | 8,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |

In re   **TREISE B MEDLEY**                                          Case No.

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles. | | **1999 HONDA ACCORD** | | **5,000.00** |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |

Schedule B Page 2 of 3

In re   **TREISE B MEDLEY**                                          Case No.

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

Total ➤ $ 16,500.00

Schedule B Page 3 of 3

In re  TREISE B MEDLEY                                             Case No.

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)  Exemptions provided in 11 U.S.C. § 522(d).  Note:  These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b)(2)  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's

domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion

of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant

to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 4 BERDROOM BRICK AND FRAME SINGLE FAMILY RESIDENCE LOCATED AT 3302 KNOLLWOOD LANE, ILLINOIS | 735 ILCS 5/12-901 | 7,500.00 | 250,000.00 |
| BANK FINANCIAL -CHECKING AND SAVING | 735 ILCS 5/12-1001(b) | 1,000.00 | 1,000.00 |

In re:  B' TREISE MEDLEY · DUNN                                    Case No.

XXX-XX-8645

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report in this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>ARCADIA FINANACIAL<br>P.O. BOX 1437<br>MINNAPOLIS, MN. 55440-1437 | | | **Security Agreement**<br>1999 HONDA ACCORD<br>TO BE PAID DIRECTLY BY DEBTOR<br><br>**VALUE $  5,000.00** | | | | $  8,000.00 | $      0.00 |
| ACCOUNT NO.  0010023456<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION<br>C/O PIERCE & ASSOCATION<br>ONE NORTH DEARBORN<br>SUITE 1300 CHICAGO, ILLINOIS 60602 | | | **Security Agreement**<br>FIRST MORTGAGE<br>BALANCE $250,000.00<br><br>**VALUE $      0.00** | | | | $  35,188.20 | $      0.00 |

|  |  |
|---|---|
| Subtotal ➢<br>(Total of this page) | **$43,188.20** |
| Total ➢ | **$43,188.00** |

Schedule D Page 1 of 1

In re:   TREISE B MEDLEY                                                    Case No.

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding secured claims to report in this Schedule E.

## TYPES OF PRIORITY CLAIMS

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4000* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4000* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $1,800* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with repect to cases commenced on or after the date of adjustment.

In re:   TREISE B MEDLEY                                                          Case No.

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report in this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   54889775018443153 <br><br> **HOUSEHOLDCREDIT SERVICES** <br> **P.O. BOX 98715** <br> **LAS VEGAS, NV 8943153** | | | | | | | $ 1,873.12 |
| ACCOUNT NO. <br><br> **STATE OF ILLINOIS-DEPT OF** <br> **UNEMPLOYMENT** <br> **401 SOUTH STATE STREET** <br> **CHICAGO, ILLINOIS 60605** | | | **EMPLOYEE BENEFIT** | | | | $ 1,873.12 |

|  | | |
|---|---|---|
| Subtotal <br> (Total of this page) | ➤ | $3,746.24 |
| Total | ➤ | $3,746.24 |

Schedule F Page 1 of 1

In re:  **TREISE B MEDLEY**                                                                  Case No.

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  **Check this box if debtor has no executory contracts or unexpired leases.**

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
| --- | --- |
|  |  |

In re:  TREISE B MEDLEY                                          Case No.

# SCHEDULE H - CODEBTORS

☑  **Check this box if debtor has no codebtors.**

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re  **B' TREISE MEDLEY - DUNE**
XXX-XX-8645

Case No. _____

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **MARRIED** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age: Spouse's Age: | NAMES<br>**DOMINIQUE DUNN**<br>**DANIELLE DUNN** | AGE | RELATIONSHIP<br>**DAUGHTER**<br>**DAUGHTER** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **FACILITY ENGINEER** | **NETWORK ENGINEER** |
| How long employed | **5 YEARS** | **6 YEARS** |
| Name and Address of Employer | **CINGULAR WIRELESS**<br>**2000 WEST SBC CENTER**<br>**HOFFMAN ESTATE, ILLINOIS** | **VERIZON WIRELESS**<br>**2303 SANDERS ROAD**<br>**NORTHBROOKE, ILLINOIS** |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 3,460.66 | $ 4,246.66 |
| Estimated monthly overtime | $ 0.00 | $ 0.00 |
| SUBTOTAL | $ 3,460.66 | $ 4,246.66 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 650.00 | $ 346.66 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify) _____ | $ | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 650.00 | $ 346.66 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 2,810.66 | $ 3,900.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from real property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| Social security or other government assistance (Specify) _____ | $ 0.00 | $ 0.00 |
| Pension or retirement income | $ 0.00 | $ 0.00 |
| Other monthly income (Specify) **CHILD SUPPORT** _____ | $ 491.00 | $ |
| TOTAL MONTHLY INCOME | $ 3,301.66 | $ 3,900.00 |

TOTAL COMBINED MONTHLY INCOME $ ____7,201.66____   (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

**None**

In re B' TREISE MEDLEY - DUNE
XXX-XX-8645

Case No.

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,952.00 |
| Are real estate taxes included?   Yes  ✓   No _____ | | |
| Is property insurance included?   Yes  ✓   No _____ | | |
| Utilities  Electricity and heating fuel | $ | 175.00 |
|     Water and sewer | $ | 33.33 |
|     Telephone | $ | 50.00 |
|     Other | $ | |
| Home Maintenance (Repairs and upkeep) | $ | 0.00 |
| Food | $ | 450.00 |
| Clothing | $ | 80.00 |
| Laundry and dry cleaning | $ | 25.00 |
| Medical and dental expenses | $ | 0.00 |
| Transportation (not including car payments) | $ | 280.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 20.00 |
| Charitable contributions | $ | 100.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|     Homeowner's or renter's | $ | 0.00 |
|     Life | $ | 0.00 |
|     Health | $ | 0.00 |
|     Auto | $ | 124.00 |
|     Other | $ | |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| Instalment payments (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|     Auto | $ | 0.00 |
|     Other  **ARCADIA** | $ | 399.00 |
| Alimony, maintenance or support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other  **HUSBAND EXPENSES** | $ | 2,440.00 |

| | | |
|---|---|---:|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 6,128.33 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---:|
| A. Total projected monthly income | $ | 7,201.66 |
| B. Total projected monthly expenses | $ | 6,128.33 |
| C. Excess income (A minus B) | $ | 1,073.33 |
| D. Total amount to be paid into plan _____  **Monthly** | $ | 1,073.33 |
| (interval) | | |

In re:   TREISE B MEDLEY                                                    Case No.

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **12** sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____          Signature _____
                                                          **TREISE B MEDLEY**


## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

### (NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C § 152 and 3571.

## UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re:  TREISE B MEDLEY

Case No. _____

Chapter   **13**

# STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| $ -6- | EMPLOYMENT | 2003 |
| $ | EMPLOYMENT | 2002 |

## 2. Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

## 3. Payments to creditors

None
☑

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b.  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a.  List all suits and adminstrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| MORTGAGE ELECTRONIC V. MEDLEY | FORCLOSURE | CIRCUIT COURT OF COOK COUNTY | PENDING |

## 10. Other transfers

None ☑
    a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petiton is filed, unless the spouses are separated and a joint petition is not filed.)

## 11. Closed financial accounts

None ☑
    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

None ☑
    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None ☑
    List all setoffs made by any creditor, including a bank, against a debtor or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition filed, unless the spouses are separated and a joint petition is not filed.)

## 14. Property held for another person

None ☑
    List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

None ☑
    If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separated address of either spouse.


I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.


Date _____    Signature _____
                                            **TREISE B MEDLEY**

None   b.  Describe all property that has been attached, garnished or seized under any legal or equitable
☑    process within one year immediately preceding the commencement of this case. (Married debtors
filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

## 5. Repossessions, foreclosures and returns

None   List all property that has been repossessed by a creditor, sold at a foreclosure sale,
☑    transferred through a deed in lieu of foreclosure or returned to the seller, within one year
immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None   a.  Describe any assignment of property for the benefit of creditors made within 120 days
☑    immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include any assignment by either or both spouses whether or not a joint petition
is filed, unless the spouses are separated and a joint petition is not filed.)

None   b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official
☑    within one year immediately preceding the commencement of this case. (Married debtors filing
under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

## 7. Gifts

None   List all gifts or charitable contributions made within one year immediately preceding the
☑    commencement of this case except ordinary and usual gifts to family members aggregating less
than $200 in value per individual family member and charitable contributions aggregating less
than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts
or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses
are separated and a joint petition is not filed.)

## 8. Losses

None   List all losses from fire, theft, other casualty or gambling within one year immediately preceding
☑    the commencement of this case or since the commencement of this case. (Married debtors filing
under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None   List all payments made or property transferred by or on behalf of the debtor to any persons,
☐    including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law
or preparation of a petition in bankruptcy within one year immediately preceding the commencement
of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| JESSE OUTLAW 53 WEST JACKSON CHICAGO, ILLINOIS 60604 | MAY 21, 2004 | $550.00 |

## UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re:    **TREISE B MEDLEY**

Debtor

Case No. _____

Chapter    **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above mentioned debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 2,200.00 |
| Prior to the filing of this statement I have received | $ | 550.00 |
| Balance Due | $ | 1,844.00 |

2. The source of compensation paid to me was:

☐ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

☐ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a)    Analysis of the debtor's financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11, United States Code;

b)    Preparation and filing of any petition, schedule, statement of affairs, and other documents required by the court;

c)    Representation of the debtor(s) at the meeting of creditors, confirmation hearing and any adjourned hearings thereof;

d)    Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e)    (Other provisions as needed)
       None

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

None

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or agreement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _____

**Jesse Outlaw**, Bar No. **11815**
**Jesse Outlaw & Associates**
Attorney for Debtor

B 201 (11/03)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

## Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a Chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer ($200 filing fee plus $39 administrative fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

| | | |
|---|---|---|
| _Reese Medeey_ | _5/21/04_ | |
| Debtor's Signature | Date | Case Number |

Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy